UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 11

JJJ CC & K MANAGEMENT CORP.,
                                                          Case No. 23-40520-NHL
                Debtor.
---------------------------------------------------------x

### APPLICATION IN SUPPORT OF ORDER TO SHOW CAUSE

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

304 Stuyvesant Funding LLC ("Lender"), by and through its attorneys Goldberg Weprin Finkel Goldstein LLP, hereby submits this application in support of its Order to Show Cause why Lender should not be granted *in rem* relief from the automatic stay pursuant to section 362(d)(4) of the Bankruptcy Code with respect to the property located at 304 Stuyvesant Avenue, Brooklyn, NY 11233 (the "Property"), and respectfully states as follows:

### BACKGROUND INFORMATION

1.  On or about November 9, 2017, JJJ CC & K Management Corp. (the "Debtor") executed and delivered to Stuyvesant Funding Associates ("Initial Lender") a mortgage note (the "Note") in the principal amount of $1,800,000.00, secured by a mortgage (the "Mortgage") on the premises known as 304 Stuyvesant Avenue, Brooklyn, NY 11233 (the "Property"). A copy of the Note and Mortgage are attached hereto as **Exhibit A**.

2.  The Debtor defaulted on its obligations under the terms of the Note and the Mortgage by failing to make payment due on March 1, 2018 and on each and every month thereafter.

3.  On or about September 5, 2018, Initial Lender commenced an action in Kings County Supreme Court, Index No. 517973/2018 (the "State Court Action"), seeking inter alia a

1

judgment of foreclosure on the Property. A copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit B**.

4. On or about March 20, 2020, a Judgment of Foreclosure and Sale (the "Judgment of Foreclosure") was entered in the State Court Action. A copy of the Judgment of Foreclosure is attached hereto as **Exhibit C**.

5. On or about July 10, 2020, Initial Lender assigned the Judgment of Foreclosure to Lender. A copy of the Assignment of Judgment of Foreclosure & Sale is attached hereto as **Exhibit D**.

6. Notice of sale were issued (a) on November 5, 2021, scheduling a public auction for sale of the Property on December 16, 2021; (b) on or about June 6, 2022, scheduling a public auction sale of the Property for July 21, 2022; and (c) on December 2, 2022, scheduling a public auction sale of the Property for February 16, 2023. A copy of the notices of sale are attached hereto as **Exhibit E**.

7. On or about the day of each scheduled public auction sale of the Property, the Debtor commenced a voluntary bankruptcy case:

   a. on December 16, 2021, JJJ CC & K Management Corp. (the "Debtor"), *pro se*, filed a voluntary petition, executed by Debtor's Principal, under Chapter 11 of the Bankruptcy Code, electing to proceed under Subchapter V (Case No. 21-43092-nhl);
   b. on July 21, 2022, the Debtor, *pro se*, filed a voluntary petition, executed by Debtor's Principal, under Chapter 11 of the Bankruptcy Code, electing to proceed under Subchapter V (Case No. 22-41739-nhl);
   c. on February 16, 2023, the Debtor, *pro se*, filed a voluntary petition, executed by Debtor's Principal, under Chapter 11 of the Bankruptcy Code, electing to proceed under Subchapter V (Case No. 23-40520-nhl).

8. At a hearing on March 14, 2023 on the Court's order to show cause why the case should not be dismissed with prejudice with a two year bar on refiling and on the United States Trustee's motion to dismiss, the Court found that the Debtor is a serial filer that has abused the

bankruptcy process and held that the instant case should be dismissed with prejudice with a two year refiling bar. The Court also granted Lender the opportunity to obtain *in rem* stay relief by filing an order to show cause and submitting evidence of its interest in the Property.

## RELIEF REQUESTED

9. Lender requests that the Court grant Lender in rem relief from the automatic stay with respect to the Property pursuant to section 362(d)(4)(B) of the Bankruptcy Code. See In re Cent. Park Estates, LLC, 485 B.R. 72, 76 (Bankr. S.D.N.Y. 2013) ("a creditor may seek 'in rem' relief from the automatic stay by showing that the petition [is] part of a scheme to hinder, delay and defraud pursuant to § 362(d)(4)(B)").

10. Section 32(d)(4)(B) provides that on a party's request and after notice and a hearing, the Court "shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay… with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved … multiple bankruptcy filings affecting such real property".

11. "The extent of the efforts by a debtor to prosecute [their] bankruptcy case and '[t]he timing and sequencing of the filings' are important factors in determining whether a debtor has engaged in 'a scheme to delay, hinder, and defraud.'" In re Richmond, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014).

12. Here, the timing and sequencing of the bankruptcy filings by the Debtor plainly demonstrate a scheme to hinder, delay and defraud Lender.

WHEREFORE, Lender respectfully requests that the Court enter an order granting Lender *in rem* relief from the automatic stay with respect to the Property pursuant to section 362(d)(4) of the Bankruptcy Code and granting such other and further relief as this Court deems just and proper.

Dated:      New York, New York
                March 17, 2023

                              Goldberg Weprin Finkel Goldstein LLP
                              *Attorneys for 304 Stuyvesant Funding LLC*
                              125 Park Avenue, 12th Floor
                              New York, NY 10017

                By:     /s/ Dena Copulsky Kaufman
                          Dena Copulsky Kaufman, Esq.